**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 25 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEN SYKES,

        Plaintiff-Appellant,

v.

JOHNNY F. DIRCK, individually, and
as Director of the Council on Law
Enforcement Education and Training,
JAMES STOVER, individually, and as
Director of Cleet, BILL
CASSINGHAM, individually, and as
Director of Cleet, BOB RICKS,
individually, and as Director of Cleet,
DAVE BEEN, individually, and as
Director of Cleet, KYLE
GREENFIELD, individually, and as
Director of Cleet, and KENNETH
VAN HOY, individually, and as
Director of Cleet,

        Defendants-Appellees.

No. 96-6131
(W.D. of Oklahoma)
(D.C. No. CIV-95-2037-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **BRORBY,** and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ken W. Sykes filed this civil rights action against Johnny F. Dirck, James Stover, Bill Cassingham, Bob Ricks, Dave Been, Kyle Greenfield, and Kenneth Van Hoy ("the Defendants") in their individual capacities and in their official capacities as directors of the Council on Law Enforcement Education and Training. The district court granted the defendants' summary judgment motion, holding as follows: (1) Defendants were entitled to absolute immunity as to any claims relating to actions taken in their individual capacities; (2) Defendants were not persons for purposes of § 1983 when they were acting in their official capacities as officers of the State of Oklahoma; (3) Sykes had not met his burden of demonstrating that he was entitled to injunctive relief; and (4) Defendants, whether acting in their individual or official capacaties, were clothed with sovereign immunity and were not proper parties to Sykes action under Oklahoma law. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

We review the grant of summary judgment *de novo* and apply the same legal standard used by the district court under Fed. R. C. P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991).

This court has reviewed the parties briefs and contentions and has conducted a *de novo* review of the district court's opinion and the record on appeal. Finding no reversible error, we **AFFIRM** for substantially the reasons set out in the district court's Order dated March 8, 1996.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge